IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00414-WDM-MEH

BRET LESSMAN,

    Plaintiff,

v.

ESCO CORPORATION,

    Defendant.

## ORDER ON MOTION TO TRANSFER

Miller, J.

This matter is before me on Defendant ESCO Corporation's ("ESCO") motion to transfer this case to the District of Oregon, filed March 10, 2005. For the reasons that follow, the motion will be granted.

### Background

Plaintiff Bret Lessman's ("Lessman") complaint, originally filed in Colorado state court and subsequently removed to this court, alleges the following. In August 2004, Lessman was offered the position of Director of Human Resources for ESCO. Based on representations made by ESCO's agents, Lessman understood the offered position to include oversight of the entire company's human resources department.[1] However, as he soon learned after accepting the position, he was only responsible for human

---

[1] Lessman describes ESCO as large corporation with a nationwide presence and over 3,500 worldwide employees.

resources at ESCO's Portland, Oregon facilities. When Lessman complained that he had been misled, he was terminated.

Based on these allegations, Lessman brings four claims: (1) wrongful termination in violation of public policy; (2) outrageous conduct; (3) breach of contract; and (4) fraudulent inducement.

## Discussion

28 U.S.C. § 1404(a) permits me, in my discretion, to transfer this case to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]"[2] Defendants bear the burden of showing this forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Shifting the inconvenience from defendants to plaintiff, by itself, is not a permissible justification for granting the motion. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

The factors relevant to my resolution of the motion to transfer are set forth in *Texas Gulf Sulpher Co. v. Ritter*:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

371 F.2d 145, 147 (10th Cir. 1967).

---

[2] The parties do not dispute that this case could have been brought in Oregon.

ESCO contends that transfer of this case to the District of Oregon is appropriate because all of the underlying events took place in Oregon and the District of Oregon's expertise in Oregon state law will facilitate an expeditious and economical trial.[3]  In addition, ESCO specifically identifies eight employee witnesses who were involved in Lessman's hiring, all of whom live in Oregon.  Finally, ESCO also argues that unless transfer is granted, they will be unable to compel the testimony of three non-party witnesses who are part of the recruiting firm that assisted ESCO with the hiring process.

In response, Lessman does not dispute most of ESCO's claims.  He acknowledges that all of the underlying events occurred in Oregon and that his claims are based on Oregon state law.  In addition, he fails to identify any evidence or witnesses, other than himself, residing outside of Oregon.  Lessman does, however, attempt to characterize this case as merely a "swearing contest" between himself and Calvin Collins ("Collins"), an ESCO Vice President.  But even if this case may come down to whether the jury believes Collins or Lessman,[4] testimony from other witnesses involved during the hiring process could provide the jury with critical information

---

[3] *Compare Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964) (listing "judicial familiarity with the governing laws" as one factor to consider in a § 1404(a) analysis) *with Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (noting that the "relative simplicity" of the common law fraud and contract claims involved reduced the significance of the familiarity factor).  At this stage of the case, it is difficult to determine whether the state law issues will be either complex or relatively simple.  In any event, I conclude that even giving this factor little or no weight, the other relevant factors indicate that transfer is appropriate.

[4] An assertion that ESCO vigorously denies.

3

impacting the credibility of their respective stories.  Therefore, I disagree with Lessman's characterization of all of the witnesses other than Collins as mere "filler."

Although I concede that plaintiff's choice of forum is entitled to great deference, I conclude that all of the other relevant factors which the parties have discussed[5] weigh heavily in favor of transfer to the District of Oregon.  Therefore, ESCO's motion will be granted.

Accordingly, it is ordered:

1. Defendant's motion to transfer to the District of Oregon, filed March 10, 2005 (Docket No. 4), is granted.

2. This case shall be transferred to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1404(a).

DATED at Denver, Colorado, on March 31, 2006.

                                           BY THE COURT:

                                           s/ Walker D. Miller
                                           United States District Judge

---

[5] I note some considerations such as comparisons of docket congestion were not presented.